GEORGE   W.   COPLEY   *v.*   EBENEZER   HUBBARD   FLINT   and another.

Where defendants, with a full knowledge of all the circumstances, agree to take back lands, which originally belonged to them, from plaintiff, who asserted title thereto, and to pay a certain sum as the price of such rights as the latter might have acquired, he will, on the failure of the defendants to pay the amount agreed upon, be entitled to rescind the contract, and to be reinstated in the position he previously occupied.   The principle that a purchaser who acquires what he discovers to be his own is not bound to return it, nor to pay for it, though correct in the abstract, is inapplicable to such a case.

An action of rescission may be sustained by a vendor against the property in the hands of a third person, though the former may have acknowledged in the act of sale that the price had been paid, where such third person had identified himself with the first purchaser, and was aware that the price had not been paid by him.

APPEAL from the District Court of Ouachita, *Boyce*, J.

BULLARD, J.   The history of the protracted controversy, of which this cause forms a new link, may be seen by reference to vol. 16 of the Louisiana Reports, p. 380, and 1 Robinson's Reports, p. 125.

The plaintiff, having failed in his action of rescission on account of lesion, prosecutes this suit against Flint, his vendee, and D. W. Cox, to whom the land had been reconveyed, demanding a recission of his sale to Flint, and a restoration of the land sold,

on the ground, that the stipulated price had not been paid. There was a verdict and judgment against him, and he has appealed.

Our attention has been particularly called to the charge of the Judge to the Jury, which is excepted to as erroneous, and calculated to mislead the Jury. 1st. They were instructed that if the sale made by the Parish Judge, under the direction of the Police Jury, was not in accordance with the laws then in force, including the act of 1828, it did not divest D. W. Cox of his title, and Copley acquired none ; the rule being, that if a buyer acquires what he discovers to be his own, he is not bound to return it, nor to pay for it. We think the Judge erred in this part of the charge. The doctrine may be correct in the abstract, but is, in our opinion, inapplicable to this case. The question of the validity of Copley's title ought not to have been made in this case. The defendants had taken back the land, under a full knowledge of all the circumstances ; and one of them engaged to pay $1000, which has never been paid. In default of the payment of that sum as the price of such rights as Copley had acquired, he was entitled to a rescission of the contract, and to be reinstated in the position he occupied before the sale to Flint. Whether Cox has, or has not, so completely identified himself with Flint, as to estop him from denying that the price promised to Copley remained unpaid, notwithstanding the acknowledgment in Copley's deed to Flint that the price had been paid, is fairly open for argument and proof ; but we cannot forbear saying, that having been a party to all the suits against Flint, growing out of this transaction, in which it appeared abundantly, that the sum of $1000 remained unpaid, we should doubt whether he could now avail himself of the admission of his adversary in his deed.

2d. This last remark applies in a great measure to the second head of the Judge's charge, which also appears to us correct as a general rule ;* but the Jury ought to inquire whether, under all

---

* The Judge charged, in the *second* place, that " though the remedy of rescission exists against property in the hands of a third person, when it has been sold to his vendor on a credit, if it appear by the sale, that the price has not been paid ; yet, if by the original sale the price is acknowledged, and the purchaser afterwards sells to a third party, the original vendor cannot exercise the right of rescission against the

the circumstances of the case, Cox was not aware of the fact that the price promised to Copley was not paid.

The Judge further instructed the Jury, that in his opinion, the assent of Copley to take a claim, then in the hands of Judge Peets, and if it was not paid, that Flint and Thomas would pay the $1000, amounted to a novation of Flint's obligation as vendee, to pay the price not counted down at the time of the sale. We are of opinion, that that agreement did not amount to a novation, and that so much of the price must still be considered as unpaid.

We conclude, that the charge to the Jury being erroneous, the cause must be remanded.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, the verdict set aside, and that the cause be remanded for a new trial; the costs of the appeal to be borne by the appellees.

*Copley*, appellant, *pro se.*

*McGuire*, for the defendants.

———

property in the hands of such third party, though the vendee may admit, when interrogated under oath, that the price was not paid as the deed purports. As to the third party, who acquired the property before this admission, it would be parol evidence, and not binding on him. Thus Cox would not be bound by the admission of Flint."

He further charged; " That on the day Flint received the conveyance from Copley, Flint and Thomas executed their obligation, transferring certain paper in the hands of Judge Peets of Claiborne, and agreeing if the paper was not paid by a certain time, that they would, jointly and severally, pay the same. This was the amount of the price remaining unpaid. My opinion is, that the remedy of Copley is on the agreement, and that it is a novation of Flint's obligation as vendee to pay the price not counted down at the time of the sale."